■ In the Matter of HENRY A. ACOSTA et al., Respondents, v. THEODORE H. LANG et al., Constituting the Department of Personnel and Civil Service Commission of the City of New York, et al., Appellants.— Judgment entered in favor of the petitioners directing the rerating of the promotional examination, affirmed, with $50 costs to petitioners. The Court of Appeals has held that " Where there are two equally acceptable answers to a question, the selection of one as the correct answer must be deemed to be the result of an arbitrary decision " (*Matter of Acosta* v. *Lang*, 13 N Y 2d 1079, 1081). On this record — with particular reference to the testimony offered by the experts — we may not say that the trial court's finding that petitioners' answers were " equally acceptable " was not warranted. Nor do we find any justification for reaching a conclusion contrary to that reached by the trial court with respect to the inappropriateness of question 77. Concur — Rabin, J. P., McNally and Bastow, JJ.; Valente and Stevens, JJ., dissent in the following memoranda: Stevens,

J. (dissenting). I dissent, vote to reverse and vacate the judgment insofar as it found the determination of respondents unlawful, unreasonable and arbitrary in their evaluation of the answers to questions 1, 46, 54 and 93, directed a rerating and allowance of credit, and would dismiss the petition, with costs. On this record petitioners have not met the burden of showing that their answers were " better or at least as good as the key answer " chosen by respondents (see *Matter of Acosta* v. *Lang,* 13 N Y 2d 1079, 1081), nor that respondents' determination was arbitrary and capricious. A mere difference of opinion as to the wisdom or correctness of respondents' choice of answers does not warrant judicial interference as a grading agency, when such selections are not obviously illegal, are grounded upon a sound judgment and are not without reasonable basis for support. Valente, J. (dissenting). I concur in the dissenting memorandum of Stevens, J. However, I would also reinstate question 77. While upon an initial, superficial reading of question 77, an acceptable answer seems impossible, a more intensive analysis points to a correct solution. Although I recognize that courts are not substitutes for examiners, it would not be amiss to observe that too often modern-day examinations, in many fields, are contrived not so much as to test knowledge and ability as much as an ingenuity to fathom subtleties — a talent which may be a questionable guide to competency or an index of knowledge.